UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:04-cv-92-C

| CARRIE BOGGESS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| JEFF ROPER, | ) | |
| Defendant. | ) | |

**THIS MATTER** was before the Court on January 14, 2008, for pretrial conference, and on January 18, 2008, for a <u>Daubert</u> hearing. For the reasons stated from the bench, the Court made the following rulings:

I.  Pretrial Motions

   A.  The Court **GRANTED** in part, and **DENIED** in part Roper's Motion in Limine regarding dismissed claims and parties (Doc. No. 128). The parties were directed that proof in the trial would be limited to the work history between Boggess and Roper and the alleged battery on January 22, 2004. Any documents submitted to the jury, including the complaint, will be redacted to remove all references to the dismissed defendants and counts. Boggess is prohibited from introducing evidence about Roper's conduct toward other persons.

   B.  The Court **GRANTED** in part, and **DENIED** in part Roper's Motion in Limine to Exclude Evidence and Testimony of Ruth Kappius, M.A. (Doc. No. 130).

Kappius will not be allowed to testify as an expert witness regarding her diagnosis or opinion. Depending on the cross-examination of Boggess, the Court will consider whether Kappius may testify as a fact witness regarding statements allegedly made to her by Boggess.

    C.    Roper's Motions in Limine regarding the testimony and evidence of Leanna Hollenbeck (Doc. No. 132) and Dr. N.V. Desai (Doc. No. 134) are **DENIED** as moot. Boggess informed the Court that she will not call them as witnesses.

    D.    The Court **GRANTED** Roper's Motion in Limine regarding his psychological state (Doc. No. 136).

    E.    The Court **DENIED** Roper's Motion to Quash Subpoenas (Doc. No. 155).

II.    Statement of Trial Issues

    A.    The Court clarified the issues for trial as follows:

        1.    Whether Roper had contact with Boggess on January 22, 2004.

        2.    Whether Roper intended the contact with Boggess on January 22, 2004.

        3.    Whether the contact was harmful or offensive to Boggess.

        4.    Whether the contact was without Boggess's consent.

        5.    Whether Boggess suffered any actual damages from the harmful or offensive contact.

        6.    Whether Boggess suffered any special damages from the harmful or offensive contact.

    B.    The Court emphasized that Boggess bears the burden to show causation between the alleged battery and evidence of any damages.

III. Conducting the Trial

   A. Jury Selection

      1. The Court **DENIED** Roper's Motion for Jury List (Doc. No. 140).

      2. The Court will conduct the voir dire of prospective jurors, with consideration of written questions submitted by the parties before and during jury selection.

      3. The Court's practice is to question twelve potential jurors at a time in the jury box. Each party may exercise up to 3 peremptory challenges and the Court will consider any challenges for cause. The Court will seat the first 8 jurors who are not struck by the parties or dismissed by the Court for cause. The parties agreed to a jury of 8, and elected a unanimous verdict. The Court will allow jurors to take notes.

   B. The Court ordered the parties to meet regarding any deposition testimony to be read to the jury in lieu of live testimony. The parties were directed to mark one transcript with the portions to be offered and any corresponding objections. The parties indicated that no deposition testimony would be offered, except for purposes of impeachment.

   C. Proceedings with the jury will begin at 9:30 a.m. each day. The parties were directed to contact the Court if there are any legal issues to be taken up outside the presence of the jury. If so, proceedings will begin earlier as directed by the Court.

The Court may give further direction on the issues discussed during the pretrial conference as needed or requested by the parties.

Signed: January 18, 2008

Robert J. Conrad, Jr.
Chief United States District Judge